## CHARLES McALLISTER *et al. v.* I. C. PLANT *et al.*

1. CHANCERY—PRACTICE.—Where a defendant in chancery, after decree, desires a rehearing, he may procure it, if he can bring his case within the provisions of the Rev. Code of 1871, sec. 1170 and 1171. The facts in the case must meet every requirment of the statute, and then the statute confers a right, which is not limited by sec. 1264 of the Code. The showing required by that section is fulfilled when the facts bring the case within sec. 1170 and 1171. When discretion ceases, the right becomes absolute, and the duty peremptory, to grant the rehearing.

Appeal from the chancery court of Warren county. Hon. E. HILL, Chancellor.

The facts in the case are stated in the opinion of the court.

*Nugent & Yerger*, for appellants :

Notice to absent and non-resident defendants by publication, is an inferior mode of executing process, and a strict compliance with the statute in reference thereto is required. Foster v. Simmons, 40 Miss., 585; Ingersoll v. Ingersoll, 43 Miss., 155; Winston v. McClindon, 43 Miss., 254; 1 S. & M., 584; 3 S. & M., 641; 6 Cush., 354; Act Nov., 1861, ch. 237, p. 265 ; Code 1857, p. 545, art. 34.

If a non-resident defendant petitions for a rehearing within the time limited from the date of the decree, it is sufficient. It is not essential that he should also, within that time, answer and secure the costs. Head v. Wash., 2 George, 358.

The only facts necessary to obtain a rehearing are that the party applying is a non-resident defendant, and was only brought in by process of publication. Rev. Code 1871, §§ 1070, 1071, 1264.

The order of publication against the defendant does not conform to the statute, because it does not state that the fact of the non-residence appears to the satisfaction of the judge, and because it does not require publication in a public newspaper of this State. The proof of publication does

not conform to the order, nor is the newspaper certified with sufficient certainty.

*Shelton & Shelton*, for appellees.

The reporters find no brief for appellees in the record.

TARBELL, J., delivered the opinion of the court:

In a suit pending in the chancery court of Warren county in which Increase C. Plant was complainant and the V. & M. R. R. Co. and others were defendants, a final decree for complainant was rendered in April of the present year, 1872. In July last, Charles McAllister, D. B. Cummings, John Clayton, and William B. Reed, non-resident defendants in said cause, filed with that court a petition in writing, under sections 1170 and 1171, Code of 1871, for a rehearing of said cause, representing in their petition, that they were, and had been during the progress of said cause, non-residents of the State of Mississippi, and residents of Philadelphia, in the State Pennsylvania; that they were parties defendants in said cause, and were proceeded against by "publication only," as non-residents under the statutes of this State; that as such non-residents, a decree *pro confesso* by publication only was taken against them, they not having appeared in said cause in person or by attorney; that they and others were largely interested in the result of the said litigation, they being the holders and the owners of the bonds of the said V. & M. R. R. Co. to a large amount; that a small amount of the bonds of the said railroad company was sought to be foreclosed by the aforesaid chancery proceeding, to the detriment of the holders of the larger portion thereof; and such facts are set forth in their petition as to show that the petitioners have, in fact, important interests to be affected by said proceeding. Whereupon they prayed a rehearing to be granted them in said suit.

After argument and due consideration, an order was made by the said chancery court, on the 27th day of July, of the July term thereof, 1872, denying and refusing the prayer of

the petition. From that order an appeal was prayed for and granted by the Chancellor, whereby the action of the court below, in refusing a rehearing as aforesaid, is sought to be reviewed in this court. A motion is now made to dismiss this appeal. It is urged, in support of the motion, that an appeal in such a case is not provided for by statute ; that the order asked by the petition is one resting in the discretion of the Chancellor; that there was not only newspaper publication, but service of a copy of the summons, or notice, by mail, which ought to be held equivalent to actual or personal notice, thus showing a want of diligence ; that the petition shows no equitable ground for a rehearing on the merits. Referring to the petition, of which we have given a synopsis, it will be seen that the facts meet every requirement of the statute (§§ 1170, 1171, Code 1871); indeed, the case presented is fully, clearly and abundantly within these provisions. In such a case we are of the opinion that the statute confers a right upon a party of which the court cannot deprive him, nor is this right limited by section 1264. The showing required by that section is fulfilled when the facts bring the case within sections 1170 and 1171, when discretion ceases, the right becomes absolute, and the duty peremptory to grant the rehearing. Whereupon the motion is overruled.

Mr. Justice Simrall did not sit in this case.